IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DICE ELECTRONICS, LLC; JWIN ) <br> ELECTRONICS CORPORATION; TOMTOM ) <br> INC.; and VAIS TECHNOLOGY LTD., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. _____ <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Now comes Plaintiff Affinity Labs of Texas, LLC before this Court and alleges as its complaint and petition for relief against each and all of the Defendants as follows:

## PARTIES

1. Plaintiff Affinity Labs of Texas, LLC ("Affinity") is a Texas limited liability corporation having offices at 3838 River Place Blvd., Austin, Texas 78730.

2. Upon information and belief, DICE Electronics, LLC ("DICE") is a Nevada limited liability corporation having its offices located at 297 Kingsbury, Suite D, Box 4470, Stateline, Nevada 89449.

3. Upon information and belief, Defendant jWIN Electronics Corporation ("jWIN") is a New York corporation having its offices located at 2 Harbor Park Drive, Port Washington, New York 11050.

4.       Upon information and belief, Defendant TomTom Inc. ("TomTom") is a Massachusetts corporation having its offices located at 150 Baker Avenue, Ext., Suite 103A, Concord, Massachusetts 01742.

5.       Upon information and belief, Defendant VAIS Technology Ltd. ("VAIS") is a Colorado corporation having its offices located at 13792 Compark Blvd, Unit 125, Englewood, Colorado 80112.

## JURISDICTION AND VENUE

6.       These claims arise under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*, in that each is a claim for infringement of a United States patent. The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

7.       This Court has personal jurisdiction over the Defendants. Upon information and belief, each of the Defendants has transacted business in this judicial district and/or has committed, contributed to, and/or induced acts of patent infringement in this judicial district.

8.       Venue within this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT 1: PATENT INFRINGEMENT OF THE '833 PATENT

9.       The allegations of paragraphs 1-8 are incorporated herein by reference.

10.      Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,324,833 ("the '833 Patent"), which issued on January 29, 2008 and is entitled "System and Method for Connecting a Portable Audio Player to an Automobile Sound System." A copy of the '833 Patent is attached hereto as Exhibit A.

11.      Upon information and belief, the Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '833 Patent by performing, without authority,

one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '833 Patent").

12. DICE's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of electronic devices that integrate portable digital media devices with pre-existing automobile audio systems.

13. jWIN's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of i-Luv branded electronic integration devices for portable digital media devices.

14. TomTom's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of electronic devices that integrate portable digital media devices with pre-existing automobile audio systems.

15. VAIS's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of electronic devices that integrate portable digital media devices with pre-existing automobile audio systems.

16. Upon information and belief, Defendants will continue to infringe the '833 Patent unless enjoined by this Court.

17. As a result of Defendants' infringement, Affinity has suffered and will suffer damages.

18.     Affinity is entitled to recover from Defendants the damages sustained by Affinity as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution, Affinity hereby demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

WHEREFORE, Affinity petitions this Court and requests that a judgment be entered and relief be granted as follows:

A.     Declaring that each of the Defendants have infringed the '833 Patent as alleged herein (directly, by inducement, and/or contributorily);

B.     Permanently enjoining, restraining, and prohibiting each of the Defendants, and any party acting through, for, or in concert with the Defendants, from further infringing (directly, by inducement, or contributorily) any claim of the '833 Patent;

C.     Awarding to Affinity such monetary or compensatory damages as may be found or deemed adequate to fully compensate Affinity for each of the Defendants' acts of infringement of the '833 Patent and/or any other injury suffered by Affinity due to the Defendants' acts of infringement of the '833 Patent;

D.     Awarding to Affinity its costs; and

E.     Awarding to Affinity such other, further, or general relief as this Court may deem proper.

                                        Respectfully submitted,

Dated: August 25, 2008        By: /s/ Thomas W. Sankey
                                        Thomas W. Sankey
                                        Lead Attorney
                                        TX Bar No. 17635670
                                        twsankey@duanemorris.com
                                      Duane Morris LLP
                                        3200 Southwest Freeway, Suite 3150
                                        Houston, TX  77027-7534
                                        Tel.: 713.402.3900
                                        Fax: 713.402.3901

Of Counsel:

L. Norwood Jameson
GA SBN: 003970
wjameson@duanemorris.com
Matthew C. Gaudet
GA SBN: 287789
mcgaudet@duanemorris.com
Luke Anderson
GA SBN: 01833
landerson@duanemorris.com
Christian B. Turner
GA SBN: 142611
cbturner@duanemorris.com

Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta GA  30309-3448
Tel:    404.253.6900
Fax:   404.253.6901

                                              ATTORNEYS FOR PLAINTIFF
                                            AFFINITY LABS OF TEXAS