IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DICE ELECTRONICS, LLC; JWIN ELECTRONICS CORP.; TOMTOM INC.; and VAIS TECHNOLOGY LTD.,<br><br>    Defendants. | Civil Action No. 9:08-cv-163<br><br>Jury Trial Demanded |

**DEFENDANT TOMTOM INC.'S
<u>ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT</u>**

Defendant TomTom Inc. ("TomTom") files its Answer and Counterclaims to the Complaint for Patent Infringement of Affinity Labs of Texas, LLC ("Affinity") admitting those facts specifically admitted below and denying all others averred in the Complaint, and states as follows:

<u>**THE PARTIES**</u>

1. TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 1 of the Complaint and, therefore, denies those allegations.

2. TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 2 of the Complaint and, therefore, denies those allegations.

3. TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 3 of the Complaint and, therefore, denies those allegations.

4. TomTom admits the allegations of paragraph 4 of the Complaint.

5. TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 5 of the Complaint and, therefore, denies those allegations.

**JURISDICTION AND VENUE**

6.  TomTom admits that Affinity alleges an action for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, but TomTom expressly denies any liability thereunder. TomTom further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  TomTom admits that this Court has personal jurisdiction over TomTom in this case, and that TomTom has transacted business in this judicial district; however, TomTom expressly denies that it has committed, contributed to, and/or induced acts of patent infringement in this judicial district.

8.  TomTom does not contest that, in this case, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT 1: PATENT INFRINGEMENT OF THE '833 PATENT**

TomTom denies any allegations or characterizations embodied in the heading to the extent that they relate to activities of TomTom and states that it is without sufficient information or belief to admit or deny these allegations insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

9.  TomTom incorporates by reference its responses to paragraphs 1-8 of the Complaint.

10.  TomTom admits that United States Patent No. 7,324,833 ("the '833 patent") is entitled "System and Method for Connecting a Portable Audio Player to an Automobile Sound System" and did issue on January 29, 2008. TomTom further admits that Affinity purports to attach a copy of the '833 patent as Exhibit A to its Complaint. TomTom lacks sufficient

knowledge to admit or deny the remaining allegations of paragraph 10 of the Complaint and, therefore, denies those allegations.

11. TomTom denies the allegations of paragraph 11 of the Complaint insofar as they relate to TomTom. TomTom does not have sufficient information to admit or deny the allegations of paragraph 11 insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

12. TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 12 of the Complaint and, therefore, denies those allegations.

13. TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 13 of the Complaint and, therefore, denies those allegations.

14. TomTom denies the allegations of paragraph 14 of the Complaint.

15 TomTom lacks sufficient knowledge to admit or deny the allegations of paragraph 15 of the Complaint and, therefore, denies those allegations.

16. TomTom expressly denies that it infringes or will infringe the '833 patent. TomTom denies the remaining allegations and characterizations of paragraph 16 with respect to its own activities. TomTom does not have sufficient information to admit or deny the allegations of paragraph 16 insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

17. TomTom expressly denies that it has infringed or infringes the '833 patent. TomTom denies the remaining allegations and characterizations of paragraph 17 with respect to its own activities. TomTom does not have sufficient information to admit or deny the allegations of paragraph 17 insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

18.     TomTom expressly denies that it has infringed or infringes the '833 patent. TomTom denies the remaining allegations and characterizations of paragraph 18 with respect to its own activities. TomTom does not have sufficient information to admit or deny the allegations of paragraph 18 insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

## JURY DEMAND

TomTom admits that Affinity demands a trial by jury on all issues triable to a jury pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment.

## PRAYER FOR RELIEF

TomTom hereby incorporates by reference its answers to all paragraphs in Affinity's Complaint as though fully set forth herein. TomTom denies that Affinity is entitled to any relief whatsoever from TomTom as prayed for or otherwise.

## ADDITIONAL DEFENSES

In addition to the defenses described below, TomTom specifically reserves the right to allege additional defenses, in accordance with the Federal Rules of Civil Procedure, other applicable rules, and orders of this Court, as they become known through the course of discovery.

### First Additional Defense

1.     TomTom does not infringe and has not infringed (either directly, contributorily, or by inducement) any valid and enforceable claim of the '833 patent.

### Second Additional Defense

2.     One or more claims of the '833 patent are invalid or void for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

**Third Additional Defense**

3.   Affinity's claims are barred by reason of estoppel.  Affinity is estopped from construing any valid claim of the '833 patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any technology made, used, imported, offered for sale, or sold by TomTom in view of prior art and/or because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '833 patent or any related patent, because of disclosure or language in the specification of the '833 patent, and/or because of limitations in the claims of the '833 patent.

**Fourth Additional Defense**

4.   On information and belief, Affinity lacks standing to bring a claim for infringement of the '833 patent and/or has failed to join an indispensable party as required by Federal Rule of Civil Procedure 19.

**Fifth Additional Defense**

5.   Affinity is not entitled to injunctive relief because any injury to Affinity is not immediate or irreparable, and Affinity has an adequate remedy at law for any claims it can prove.

**TOMTOM INC.'S COUNTERCLAIMS**

TomTom Inc. ("TomTom") hereby counterclaims and alleges against Affinity Labs of Texas, LLC ("Affinity") as follows:

6.   TomTom is a Massachusetts corporation having a principal place of business at 150 Baker Avenue, Concord, Massachusetts 01742.

7.   On information and belief, Affinity is a Texas limited liability corporation having a principal place of business at 3838 River Place Blvd., Austin, Texas 78730.

8. These counterclaims arise under the Patent Laws of the United States, as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act, as enacted under Title 28 of the United States Code. The jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

9. Venue over these counterclaims is proper in this Court pursuant to 28 U.S.C. § 1391 because, among other reasons, Affinity brought its action for infringement of the '833 patent in this Court.

10. In its Complaint, Affinity avers that it is the assignee of the '833 patent.

11. Based on the Complaint that Affinity has filed against TomTom, a justiciable actual controversy exists between Affinity and TomTom concerning the alleged infringement, validity, and enforceability of the '833 patent.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '833 Patent)

12. TomTom repeats and realleges the allegations of paragraphs 1-11 above as though fully set forth herein.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., TomTom is entitled to a declaration that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any valid and enforceable claim of the '833 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '833 Patent)

14. TomTom repeats and realleges the allegations of paragraphs 1-13 above as though fully set forth herein.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., TomTom is entitled to a declaration that one or more claims of the '833 patent are void and

invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, and/or 112.

## EXCEPTIONAL CASE

16. This case is exceptional against Affinity, entitling TomTom to attorney's fees and costs pursuant to 28 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, TomTom requests entry of judgment in its favor and against Affinity as follows:

1. That the Court enter judgment against Affinity and in favor of TomTom, and that Affinity's Complaint be dismissed with prejudice;

2. That Affinity take nothing by reason of this lawsuit;

3. That the Court enter a declaratory judgment declaring that TomTom has not and does not infringe the '833 patent;

4. That the Court enter a declaratory judgment declaring that the '833 patent is invalid;

5. That Affinity and its officers, agents, employees, representatives and counsel, and all persons in active concert or participation with any of them, be enjoined from charging infringement of, or instituting any action for infringement of the '833 patent against TomTom and its customers, or any manufacturer, distributor, retailer, or installer of TomTom systems;

6. That the Court award TomTom its costs in this action, declare that this case is an exceptional one under 35 U.S.C. § 285, and award TomTom its reasonable attorney's fees;

7. That the Court award TomTom all pre-judgment and post-judgment interest to which TomTom is entitled, at the highest rate allowed by law; and

8. That the Court award TomTom such further, necessary and proper relief as this Court may deem just and reasonable.

Dated: December 12, 2008

Respectfully submitted,

By:  /s/  Michael C. Tyler
Ruffin B. Cordell—Lead Attorney
  Texas State Bar No. 04820550
  E-mail:  cordell@fr.com
Lauren A. Degnan (*pro hac vice*)
  E-mail:  degnan@fr.com
Michael C. Tyler
  Texas State Bar No. 24051454
  E-mail:  tyler@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC  20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

Eric Hugh Findlay
  Texas State Bar No. 00789886
  Email:  efindlay@rameyflock.com
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Telephone:  (903) 597-3301
Facsimile:  (903) 597-2413

Counsel for Defendant TomTom Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on this the 12th day of December, 2008, with a copy of the foregoing document via the Court's CM/ECF system in accordance with Local Rule CV-5(a)(3).

                                                   /s/  Michael C. Tyler