IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, § § *Plaintiff*, § § v. § § DICE ELECTRONICS, LLC; JWIN § ELECTRONICS CORPORATION; § TOMTOM INC.; AND VAIS § TECHNOLOGY, LTD. § § *Defendants*. § | Civil Action No. 9:08-CV-163 JUDGE RON CLARK |

## ORDER DENYING DEFENDANTS' MOTION TO STAY

Plaintiff Affinity Labs of Texas, LLC filed suit against Defendants Dice Electronics, LLC *et al* claiming infringement of United States Patent No. 7,324,833. This is one of three companion cases involving the same patent.[1] The '833 patent is directed toward a system and method for connecting a portable audio player to an automobile sound system. Defendants filed a joint motion[2] to stay the litigation pending outcome of the *ex parte* reexamination of the '833 patent currently ongoing before the United States Patent and Trademark Office (PTO), arguing that concerns of judicial economy favor granting a stay.

---

[1] The instant case was the first of three lawsuits filed by Affinity Labs against a total of twenty-four Defendants in a five day period. Case No. 9:08-cv-164 was filed on August 27, 2008 and Case No. 9:08-cv-171 was filed on August 29.

[2] Defendants Dice Electronics, LLC; TomTom, Inc.; and VAIS Technology Ltd. filed this motion jointly [Doc. # 42]. The final Defendant, JWin Electronics Corp., did not answer and has since been dismissed [Doc. # 55].

Defendants did not act with dispatch in seeking review; the parties are well into the discovery process already; and staying the case pending outcome of an *ex parte* reexamination is not likely to simplify the issues. Defendants' failure to choose the congressionally provided option of a binding *inter partes* reexamination smacks of a litigation tactic designed to bog down, rather than expedite, resolution of this case. Defendants' motion to stay is denied.

## I. Background

A timeline of events is instructive:

| Date | Event |
| --- | --- |
| January 29, 2008: | '833 patent issues. |
| August 25, 2008: | Affinity Labs files the instant case against Defendants. |
| September 30, 2008 through November 10, 2008 | Defendants make a total of four applications for extension of time to file their Answers. |
| November 7, 2008 | John King files a request for *ex parte* reexamination of the '833 patent with the PTO on behalf of Dice Electronics, LLC. |
| December 19, 2008: | The PTO grants the request and orders reexamination of all thirty-five claims of the '833 patent. |
| January 12, 2009: | Defendants move to stay this litigation in light of the pending reexamination. |

The request for reexamination cited three patents – United States Patent Nos. 6,396,164 ("Barnea"); 6,255,961 ("Van Ryzin"); and 6,282,464 ("Obradovich") – and one publication – "1200 Song MP3 Portable is a Milestone Player" by R. Menta ("Newswire") – as the basis for review. Request for Reexamination, Def. Mot. Stay, Ex. A, at pp. 2-3 [Doc. # 42]. Specifically, the request alleged that claims 1-7, 9, 10, 12-13, 16-21, 23-24, 26-28, and 32-35 were obvious over Barnea in light of Newswire; claims 8, 11, 14, 25, and 29 were obvious over Barnea in light

of Newswire and Van Ryzin; and claims 15, 22, 30, and 31 were obvious over Barnea in light of Newswire and Obradovich. *Id.* at pp. 3-4.

After recounting the relevant prosecution history, including amendments to claims 36, 52, and 65 (which issued as claims 1, 17, and 28, respectively) that incorporated limitations of certain dependent claims, the PTO Examiner found that a substantial question of patentability had been raised by the request for reexamination. Order Granting Request for *Ex Parte* Reexamination, Def. Mot. Stay, Ex. B, at pp. 2-6. The PTO Examiner also stated that none of these four references had been before the PTO during prosecution. *Id.* at pp. 6-7.

## II. Discussion

A. <u>Applicable Law</u>

The court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936); *see also Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). How to best manage the court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-55, 57 S. Ct. 163, 166. In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Sovereign Software LLC v. Amazon.com*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Alza Corp. v. Wyeth Pharmas., Inc.*, 2006 WL 350015 at *1 (E.D. Tex. Nov. 21, 2006); *EchoStar Techs. Corp. v. Tivo, Inc.*, 2006 WL 2501494 (E.D. Tex. Jul. 14, 2006).

B.    <u>Analysis</u>

    1.    *Prejudice or disadvantage to Affinity Labs*

Defendants argue that Affinity Labs will not be prejudiced by the stay because the litigation is in its early stages. It is true that the Case Management Conference has not yet been held and no Scheduling Order has issued. However, Defendants requested and received a total of four extensions for their respective Answer dates. The parties exchanged Initial Mandatory Disclosures on January 21, 2009. Affinity Labs disclosed its asserted claims, Infringement Contentions, and associated documents on February 2, 2009, and Defendants are required to disclose their Invalidity Contentions and associated documents by March 20, 2009. As discussed in more detail below, much of the discovery essential to the case has already occurred.

In denying the parties' previous request to extend these deadlines, the court noted that despite requesting and receiving several extensions of their time to answer, "Defendants are again seeking to delay the proceedings by six weeks." Doc. # 43 at p. 1. The theme of delay is also present in the request for *ex parte* reexamination, which was not made until more than two months after Affinity Labs filed suit.

The filing of a request for *ex parte* reexamination by only one of the twenty-four Defendants in these three cases raises a strong inference of gamesmanship. Congress's intent when it established the *inter partes* reexamination procedure as part of the American Inventors Protection Act of 1999 was to "'make reexamination a viable, less-costly alternative to patent litigation by giving third-party requesters the option of inter-partes reexamination procedures' in which they are 'afforded an expanded, although still limited, role in the reexamination process.'" *Cooper Techs. Co. v. Dudas*, 536 F.3d 1330, 1332 (Fed. Cir. 2008) (quoting Senator Orrin Hatch,

4

145 Cong. Rec. S13259 (Oct. 27, 1999)).  No Defendant in this case has taken advantage of Congress's hard work in offering this option.  Rather, one Defendant has reached back in history to the non-binding "no risk for me" *ex parte* reexamination process, allowing all Defendant to lay behind the log, hoping for favorable developments with the passage of time.  Instead of streamlining the process, Defendants' choice guarantees the imposition of additional costs on Affinity Labs, and indicates a lack of desire to resolve the issues in the case in a timely manner.

At this point, Affinity Labs, and Defendants as well, have invested time and effort into completing with the initial stages of the discovery process.  According to Defendants' own data, an *ex parte* reexamination remains pending for 24.5 months on average after it is filed before a certificate is issued.  *Ex Parte* Reexamination Filing Data – September 30, 2008, Def. Mot. Stay, Ex. D, at p. 2.  Appeals to the Board of Patent Appeals and Interferences and the Federal Circuit only add more time.[3]  Staying this case could delay final disposition by several years.[4]  This factor weighs in favor of denying a stay.

    2.    *Simplification of case*

---

[3]According to the USPTO, the pendency of decided appeals from the date an appeal number is assigned to the date a decision is rendered is 6.2 months.  Board of Patent Appeals and Interferences Process Production Report, http://www.uspto.gov/web/offices/dcom/bpai/docs/perform/fy2009b.htm. For the 2008 fiscal year, the median time from docketing date to disposition date in the Federal Circuit for cases on appeal from the PTO was 8.9 months.  Federal Circuit: Statistics, http://www.cafc.uscourts.gov/statistics.html.  Therefore, the appeals process can potentially add another 15.1 months on average.

[4]The court also notes that in the event the invalidity case against the '833 patent is as strong as Defendants argue that the reexamination request suggests, the case will likely be disposed of by this court at an early date.  This can only benefit Defendants, who would presumably prefer a single, cost-effective dispositive decision to an extended series of battles in the PTO and later in the courts.

In reexamination proceedings, the PTO only considers invalidity based on prior art. 35 U.S.C. §§ 301, 302. This means that the PTO does not consider infringement issues, or other grounds for invalidity. Here, the Defendants raise multiple invalidity arguments, including the gamut of Section 112 defenses like lack of enablement and written description. Therefore, even if only one claim remained after reexamination, invalidity would continue to be an issue. A stay would not preserve many resources. *See, eg., Enprotech Corp. v. Autotech Corp.*, 1990 WL 37217, *1, 15 U.S.P.Q. 1319, 1320 (N.D. Ill. 1990) (denying motion to stay in part because PTO would not resolve claims of inequitable conduct).

Defendants' position is also undercut by the fact that they have chosen to rely upon an *ex parte*, rather than an *inter partes*, reexamination. A third party requesting an *inter partes* reexamination is thereafter estopped from asserting the invalidity of any claim finally determined to be valid or patentable on any ground which the requester raised or could have rased during the reexamination. 35 U.S.C. § 315(c). On the other hand, a third party requester in an *ex parte* reexamination is not precluded from raising the same issues in a subsequent litigation between itself and the patent owner. Because the reexamination at issue here is *ex parte*, the third party requester will not be bound by the results as it would have been had the reexamination been *inter partes*.

It would be naive to believe that counsel for at least some of the Defendants are not coordinating mutually beneficial defense strategies. No Defendant has been confident enough to ask the PTO for a binding *inter partes* reexamination. All are waiting to let John King, on behalf of Defendant Dice Electronics, LLC, take a shot at defeating Affinity Labs. Of course, if things

do not go well at the PTO, each Defendant in turn can file a request for *ex parte* reexamination.[5] Defendants could then still assert the same and similar claims in this court. This is underscored by the fact that, when asked whether they were willing to be bound by the result if Affinity Labs succeeds in the *ex parte* reexamination, Defendants made it clear that they were not.

While a reexamination proceeding always has the potential to simplify the issues in the litigation to some extent, infringement and other invalidity arguments may remain. The court concludes that the issues in this case would not be sufficiently simplified to justify a stay. *See Imax Corp. v. In-Three, Inc.,* 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005) (if the stay will not reduce the number of issues, then a stay would not preserve many resources). This factor does not weigh in favor of a stay.

    3.    *Completion of discovery and trial date*

Defendants argue that substantive discovery does not begin until after the Case Management Conference. At best, this indicates their misunderstanding of the Local Patent Rules and the court's orders in this case. Because Defendants delayed their Answers for so long, the court ordered the parties to exchange Initial Mandatory Disclosures by January 21, 2009. Mandatory Disclosures include, among other things,

> (3)    the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief

---

[5] For example, one Defendant in 9:08-cv-171 alone identified 122 prior art authors and witnesses in its Initial Mandatory Disclosures. It seems likely that an equal, or even greater, number of prior art references will be disclosed in this Defendant's Invalidity Contentions. By choosing the *ex parte* reexamination route, Defendants can submit multiple requests for reexamination using combinations of prior art for no other reason than to prolong the case. With twenty-four Defendants and over one hundred asserted prior art references, there are potentially limitless permutations of Defendants and references that can be involved in serial *ex parte* reexaminations, with no binding effect whatsoever on this or any other litigation.

>    characterization of their connection to the case and **a fair summary of the substance of the information known by such person** (may be combined with list of persons required under Rule 26(a)(1)(A) so two list are not needed) [and]
>
> (4)   depending upon agreements of the parties or ruling of the court, a copy of, or a description by category and location where each is available for inspection and copying, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the claims or defenses of any party. . .

Doc. # 32, at p. 4 (emphasis added). By now, the parties have exchanged Initial Mandatory Disclosures, and Affinity Labs has served its Infringement Contentions with associated documents. Defendants are scheduled to serve their Invalidity Contentions and associated documents on or before March 20, 2009. It is disingenuous for Defendants to pretend that substantive discovery is not well underway, unless they have been deliberately withholding information. Between the Initial Mandatory Disclosures, Infringement and Invalidity Contentions, and associated documents, much of the discoverable information in this case will have been identified and provided to the other party by March 20. To assert otherwise indicates that the parties have not read, or chose to deliberately ignore, the disclosure requirements. The court finds that this factor does not weigh in favor of staying the case.

### III. Conclusion

Based on the circumstances of this case, the court finds that, on balance, a stay is not warranted pending *ex parte* reexamination.

IT IS THEREFORE ORDERED that Defendants Dice Electronics, LLC. *et al*'s Motion to Stay [Doc. # 42] is DENIED.

So **ORDERED** and **SIGNED** this **20** day of **February, 2009.**

_____
Ron Clark, United States District Judge